**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | January 30, 2024 | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

PHILIP R. SELLINGER
United States Attorney
Sarah Devlin
Assistant United States Attorney

Jerry P. Wiskin (JPW6431)
SIMONS & WISKIN
98 Craig Road
Manalapan, NJ 07726
(732) 316-2300
jpwiskin@simonswiskin.com
Counsel for Claimant Howell Imports, LLC

John M. Peterson (JP0705)
(Pro Hac Vice) NEVILLE PETERSON LLP
One Exchange Plaza
55 Broadway, Suite 2602
New York, NY 10006
(212) 635-2730
jpeterson@npwny.com
Co-Counsel for Claimant Howell Imports, LLC

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

    Re:    United States v. 82,656 Red Bull Energy Drinks Civil Action No. 23-4183 (SDW) (JSA)

Counsel:

    Before this Court is Claimant, Howell Imports, LLC's ("Howell Imports") Motion for Return of Seized Property ("Motion") pursuant to Federal Rule of Criminal Procedure 41(g).

(D.E. 11.)  This Opinion is issued without oral argument pursuant to Rule 78.  For the reasons discussed below, Claimant's Motion is **DENIED**.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

This dispute involves 86,656 Red Bull Energy Drinks that were seized and forfeited to the United States pursuant to an Exclusion Order.  The Exclusion Order was issued by the U.S. International Trade Commission ("USITC") on October 1, 2010 at the request of the right holder, Red Bull GmbH, the goal of which is to prevent the entry of infringing products into the United States in violation of 19 U.S.C. § 1337.[1]  (D.E. 5 ¶ 12.)  Despite the Exclusion Order, DASP Group LLC ("DASP Group") attempted to import Red Bull energy drinks into the United States.  As a result, on March 5, 2019, the USITC issued a Seizure and Forfeiture Order ("SFO") that stated:

> Energy Drink Products that are imported in violation of the corrected general exclusion order issued in the [October 1, 2010 Exclusion Order] investigation are to be seized and forfeited to the United States, if imported by the following firm: DASP Group LLC, 760 Oak Glen Road, Howell, New Jersey 07731, or any affiliated companies, parent, subsidiaries, or other related business entities, or any of their successors or assigns.

(D.E. 5 at 13: SFO.)

Ten days later, the SFO was modified to include Howell Imports because of the overwhelming evidence to support an inference that Howell Imports and DASP Group are "related entities."  (*Id.* ¶ 15.)[2]  On July 18, 2022, CBP issued a notice that all shipments of Red Bull energy drinks originating in South Africa were subject to full examination to ensure its compliance with the Exclusion Order.  (*Id.* ¶ 17.)  On August 12, 2022, Howell Imports attempted to import the at-issue Red Bull energy drinks from South Africa.  (*Id* ¶ 18–19; D.E. 10 ¶ 20.)  CBP detained the shipment for examination and on September 23, 2022, CBP seized it, and the shipment was forfeited to the United States.  On November 12, 2022, CBP sent notice of the seizure of the shipment to Howell Imports.  (D.E. 10 ¶ 26.)  Howell Imports subsequently submitted an

---

[1] Specifically, the Exclusion Order "prohibited the unlicensed importation of energy drink products that (i) infringe United States Trademark Registration Numbers 3,092,197 (RED BULL); 2,946,045 (DOUBLE BULL DESIGN); 2,994,429 (Red Bull Sugar free Background Design); 3,479,607 (Composite Front Label Design) or any marks confusingly similar thereto or that are otherwise misleading as to source, origin, or sponsorship, or (ii) bear United States Copyright Registration No. VA0001410959 or a design substantially similar thereto." (D.E. 5 ¶ 13.)

[2] Aside from the fact that both Howell Imports and DASP Group are in the business of importing energy drinks to the United States, the two businesses also share the same principal and business address—760 Oak Glen Road, Howell, New Jersey 07731 and 4 Champlain Court Lakewood, New Jersey—and as of 2022, both companies signed the "consignee address" for shipments to these addresses. (D.E. 5 ¶ 27.) The addresses were also listed as the business address for a third company, Savewize Premium Closeouts which, as of a 2018 E.D.N.Y court filing, listed David Printer as its CEO.  (*Id.* ¶ 22); *see Matkal LLC v. VG Rush Corp.*, No. 18-CV-2833, 2019 WL 1748601 (E.D.N.Y. Apr. 18, 2019). David Printer is also the CEO of DASP Group. (*Id.*) New Jersey property records show that from March 2012 to February 2022, David Printer was the owner of 4 Champlain Court Lakewood, New Jersey. (D.E. 15 at 3.)  Further, in a September 2022 letter from Howell Imports' counsel to Customs and Border Protection ("CBP") regarding the seized property, David Printer was included in the correspondence as an executive or officer of Howell Imports. (*Id.* ¶ 22,23,26, and 28.)

administrative claim to CBP requesting that the seizure of the shipment be referred to the United States Attorney's Office for judicial forfeiture. (D.E. 5 ¶ 32.)

The Government filed a Complaint for forfeiture *In rem* against the shipment containing the at-issue 82,656 Red Bull Energy Drinks on August 4, 2023. (D.E. 1.) On August 7, 2023, the Court issued a Warrant for Arrest *In Rem* for the products and the Government filed its Notice of Forfeiture the same day. (D.E. 2.) The Government subsequently filed an Amended Complaint alleging that the shipment is forfeitable to the United States pursuant to 19 U.S.C. § 1337 and 19 C.F.R. § 12.39 as merchandise imported into the United States in violation of the Exclusion Order. (D.E. 5.) Howell Imports filed a claim of ownership of the shipment the same day. (D.E. 6.) On September 1, 2023, Howell Imports filed both an Answer and the instant motion. (D.E. 10 and 11.)

## II. DISCUSSION

As an initial matter, Howell Imports argues that the issuance of the SFO was improper and should not have applied to the shipment. (D.E. 11-2 at 16.) The SFO is a determination issued by the USITC, as such, any disputes regarding USITC final determinations and orders must be filed with the United States Court of Appeals for the Federal Circuit. *See* 28 U.S.C. § 1295; *see also Wirtgen Am., Inc. v. United States*, 443 F. Supp. 3d 198, 206 (D.D.C. 2020) (holding that the Federal Circuit has exclusive jurisdiction to review the final determination of the [USITC] relating to unfair practices in import trade, made under section 337 of the Tariff Act of 1930).

Further, Howell Imports argues that Federal Rule of Criminal Procedure 41(g) "mandates return of the seized property to the person from whom it was seized. . ." (D.E. 11-2 at 2.) As Rule 41(g) is a criminal procedure rule, it is not applicable in this pending civil forfeiture action. *See* Fed. R. Crim. P. 1(a)(5)(B) ("Proceeding not governed by [the Federal Rules of Criminal Procedure] include [ ] a civil property forfeiture for violating a federal statute."); s*ee also United States v. Durante*, No. 11-277 SRC, 2012 WL 2863490, at *1 (D.N.J. July 11, 2012). Thus, the only question properly before this Court is whether the SFO applies to Howell Imports.

The SFO is written broadly and states that it applies to DASP Group and "affiliated companies, parent, subsidiaries, or other related business entities." (D.E. 5 at 13: SFO.) Considering all of the facts, this Court finds that the SFO equally applies to Howell Imports. There are several factors that this Court finds most compelling in reaching this determination, chief among them is the fact that DASP Group and Howell Imports are engaged in the same business of importing Red Bull Energy drinks from the same vendors, share the same executive, David Printer, and business addresses and are authorized to receive packages on the other's behalf.[3] This is all highly unusual for two companies purporting to be unrelated and unaffiliated entities. Importantly, Howell Imports does not offer evidence to rebut or even attempt to negate the inference that the two companies are related. (D.E. 11-2 at 16.) Thus, the SFO equally applies to Howell Imports as it is, at the very least, a "related entity" to DASP Group.

---

[3] *Supra* at 2 n.2.

3

### III.  CONCLUSION

For the foregoing reasons, Claimant's Motion for Return of Seized Property is **DENIED**. An appropriate order follows.

/s/ Susan D. Wigenton

**SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:     Parties
          Jose R. Almonte, U.S.M.J.