UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>82,656 RED BULL ENERGY DRINKS,<br><br>Defendant. | Civil Action No.<br><br>23-cv-04183 (SDW)(JRA)<br><br>**REPORT AND RECOMMENDATION** |

The United States of America ("the Government") moves to strike the claim of Howell Imports, LLC ("Howell Imports"), pursuant to the Federal Rule of Civil Procedure's Supplemental Admiralty and Maritime Claims Rule G for Forfeiture Actions In Rem ("the Motion"). ECF Nos. 44, 46. The Motion is unopposed. *See* ECF No. 45. The Honorable Susan D. Wigenton, United States District Judge, referred this Motion to the me for a Report and Recommendation. I have considered the parties' submissions and decide the Motion without oral argument. *See* Fed. R. Civ. P. 78(b); L.Civ.R. 78.1(b).

I.   **BACKGROUND AND PROCEDURAL HISTORY**[1]

Red Bull®'s well-known energy drinks are protected by trademark and copyright laws in the United States. Compl., ECF No. 1 ¶ 12. On September 23,

---

[1] The Court assumes the parties' familiarity with the factual and procedural background of this matter. Therefore, the Court includes only the factual and procedural history necessary to decide the Motion.

2022, U.S. Customs and Border Protection ("CBP") seized 82,656 energy drinks that allegedly infringe on Red Bull®'s products. *Id.* ¶¶ 1, 20. On November 15, 2022, CBP issued a Notice of Seizure to Claimant Howell Imports, the entity responsible for the shipment of those drinks. *Id.* ¶ 27. After some administrative proceedings, on August 4, 2023, the Government filed its initial complaint for forfeiture *in rem* against the shipment of the 82,656 energy drinks. *See generally id.* The Government subsequently amended the complaint. Am. Compl., ECF No. 5. [2]

On August 18, 2023, Howell Imports filed a Verified Claim for the seized energy drinks, and, among other things, filed a motion for the return of those drinks, pursuant to Rule 41 of the Federal Rules of Civil Procedure. ECF Nos. 10-11. The Court denied Howell Imports' motion. ECF No. 26.

Significantly, on March 7, 2024, while this litigation was ongoing, Howell Imports dissolved and seized to exist as an active limited liability company ("LLC"). *See* ECF No. 39-2; ECF No. 43. David Pinter ("Pinter"), Howell Imports' sole member, signed the Certificate of Dissolution and Termination, effectively certifying that Howell Imports had unwound all of its business. *See* ECF No. 39-2; ECF No. 43. After learning of Howell Imports' dissolution and termination, Pinter unsuccessfully sought to have Howell Imports restored to active status. *See* ECF No. 39 at 4-5.

On December 4, 2024, I denied Howell Imports' motion to substitute Pinter as Claimant for reasons explained my Letter Order. ECF No. 43. Accordingly, the

---

[2] An amended verified complaint ("Amended Complaint") was filed by the Government on August 18, 2023; therefore, the remaining facts are derived from the later-filed pleading at ECF No. 5 for accuracy and completeness.

Government was granted leave to file the instant Motion, which aims to dismiss Howell Imports' claim for the return of the seized energy drinks. *See id.* at 4. Howell Imports filed a letter response to the Motion, noting that it did "not plan to further prosecute this matter on behalf of proposed substitute claimant, [] Pinter." ECF No. 45.[3] For the reasons discussed below, I recommend the District Court GRANT the Government's Motion.

## II.   LEGAL STANDARD

The Government may move to strike a claim in a forfeiture action "because the claimant lacks standing." Fed. R. Civ. P. Supp. R. G(8)(c)(i)(B). In general, the issue of standing in federal courts is jurisdictional and not subject to waiver. *See generally Lewis v. Casey*, 518 U.S. 343 (1996). Standing is also open to review at every stage of litigation and the Court may raise the issue *sua sponte*. *See generally Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249 (1994); *see also U.S. v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 150 n.9 (3d Cir. 2003).

Notably, to stand before a district court and contest a forfeiture, a claimant must meet *both* statutory and Article III standing requirements. *U.S. v. $487,825.00 in U.S. Currency*, 484 F.3d 662, 664 (3d Cir. 2007) (citation omitted) (emphasis added). "Article III standing requires the claimant to show an interest in the property sufficient to create a 'case or controversy,' while statutory standing requires

---

[3] As counsel for Pinter is also counsel of record for Howell Imports, I interpret this letter to mean counsel does not plan to take any further action on behalf of Howell Imports. *See also* ECF No. 44 at 1 (Plaintiff mentioned that counsel for Claimant also informed the Government via email that Claimant did "not intend to prosecute the case further.").

3

claimants to comply with certain procedures." *U.S. v. Contents of Accts. Nos. 3034504504 & 144-07143 at Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 971 F.2d 974, 984 (3d Cir. 1992).

### III. DISCUSSION

The Government argues that because the Court has found Howell Imports no longer exists as a legal entity, it does not have Article III standing to appear as a claimant in this action. *See* ECF Nos. 44, 46. I agree. "Article III requires a live case or controversy throughout the entire litigation; if no live controversy exists, the court must dismiss the case for lack of jurisdiction." *Cobb v. Yost*, 342 F. App'x 858, 859 (3d Cir. 2009) (citing *Lusardi v. Xerox Corp.*, 975 F.2d 964, 974 (3d Cir. 1992)). Though this particular issue has not been raised or addressed yet by the Third Circuit, other circuits have indeed found a lack of Article III standing absent a plaintiff with legal existence. *See Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 384 (2d Cir. 2021) (holding that "without legal existence, [the plaintiffs] lacked standing to sue."); *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 952 (9th Cir. 2020) (same); *House v. Mitra QSR KNE LLC*, 796 F. App'x 783, 787 (4th Cir. 2019); *Hernandez v. Smith*, 793 F. App'x 261, 265 (5th Cir. 2019); *In re: 2016 Primary Election*, 836 F.3d 584, 587-88 (6th Cir. 2016) ("There is no plaintiff with standing if there is no plaintiff.").

This District addressed this issue in a limited manner in *In re Plavix Mktg., Sales Pracs. & Prods. Liab. Litig.*, No. 11-6476, 2021 WL 5002715, at *14 (D.N.J. Oct. 28, 2021). There, this Court granted the defendants' motion to dismiss, finding

dismissal was an appropriate remedy due to a lack of Article III standing since the new plaintiff was not a proper party to the litigation and the prior plaintiff was a dissolved LLC; therefore, no plaintiff existed to prosecute the action. *Id.*

Turning to the instant matter and the facts before me, as I have previously held that Claimant Howell Imports ceased to exist as an active legal entity under New Jersey law, it is clear that Howell Imports lacks Article III standing as there is no longer any case or controversy in this matter. In fact, Howell Imports concedes as much per its choice to cease its prosecution of its claim. *See supra* at 3 n.3.

## IV.   CONCLUSION

For the reasons set forth above, I recommend the District Court grant the Government's request to strike Howell Imports' Verified Claim for lack of Article III standing.[4] The parties have fourteen days to file and serve objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); L.Civ.R. 72.1(c)(2).

Date: 5/30/2025

HON. JOSÉ R. ALMONTE
UNITED STATES MAGISTRATE JUDGE

Original:  Clerk
cc:        Counsel of Record
           The Honorable Susan D. Wigenton, U.S.D.J.

---

[4] As I recommend that the Verified Claim be stricken on the basis that Howell Imports lacks Article III standing, I find that any further analysis of standing, either under Rule 17 or otherwise, is unnecessary and duplicitous of my prior opinion at ECF No. 43. *See U.S. v. $487,825.00 in U.S. Currency*, 484 F.3d at 664. Further, I decline to address the Government's informal application raised in its reply brief to enter default judgment in the matter as well. *See* ECF No. 46 at 2-4. Any subsequent motion for default judgment shall be formally brought before the Court in accordance with the Federal Rules of Civil Procedure.